UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE PRADAXA ) <br> (DABIGATRAN ETEXILATE) ) <br> PRODUCTS LIABILITY ) <br> LITIGATION ) | MDL No. 2385 <br> 3:12-md-02385-DRH-SCW <br> Judge David R. Herndon |

**This Document Relates to:**

*John and Laura Bishop v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:12-cv-50014

*Khaleel Elahee and Sarah Elahee v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:12-cv-50015

*Lynn Schofield v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:12-cv-50017

*Roddy Howell v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-50007

*Mary Dallman v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51221

*Ivan Sander and Betty Sander, Husband and Wife v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51222

*Jack Hays v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51224

*Irene Margis, Individually and as Personal Representative of Estate of George Margis, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv- 51223

*Anthony Payne v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51234

*Louise Vapnar, Individually and as Personal Representative of the Estate of Mary Vapnar, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51231

*Winifred Byrd, Individually and as Personal Representative of the Estate of George Byrd, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51233

*Dion Dorizas v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv- 51232

*Smith Wigley, Individually and as Personal Representative of the Estate of Mildred Wigley, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51306

*Karen Wilder, Individually and as Personal Representative of the Estate of Jacqueline Wilder, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51312

*Lois Ordway, Individually and on Behalf of the Estate of Lily Ordway, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51842

## ORDER

**HERNDON, District Judge:**

Presently before the Court is the parties' joint stipulation, filed pursuant to Federal Rule of Appellate Procedure 10(e) and Seventh Circuit Rule 10(b), asking the Court to supplement the appellate record in *Bishop et al. v. Boehringer Ingelheim Pharmaceuticals, Inc.*, Nos. 15-1067 – 15-1081 (7th Cir.), Case Nos. 3:12-cv-50014, 3:12-cv-50015, 3:12-50017, 3:13-cv 50007, 3:13-cv-51221, 3:13-cv-51222, 3:13-cv-51224, 3:13-cv-51223, 3:13-cv-51234, 3:13-cv-51231, 3:13-cv-51233, 3:13-cv-51232, 3:13-cv-51306, 3:13-cv-51312, and 3:13-cv-51842 (S.D. Ill.). The parties ask the Court to supplement the record with this Court's Case Management Order 88, 3:12-md-02385, Doc. 611 (S.D. Ill. Dec. 29, 2014). The parties also ask the Court to supplement the record with Plaintiffs' Supplemental Response to Motion to Dismiss with Prejudice and Report Submitted by Claims Administrator and its attachments.[1] (*Bishop*, 3:12- cv-50014 Doc. 26 and 26-1 through 26-4) with plaintiffs' supplemental response to motion to dismiss (and associated exhibits) filed in each member action. The parties note that because CMO 88 was filed in the master docket only, it was not included in the original "short record" as transmitted to the Seventh Circuit.

The Court notes that the Seventh Circuit's Practitioner's Handbook for Appeals states that the "short record" is transmitted to the Seventh Circuit for screening purposes (assessing jurisdiction) and contains "the notice of appeal, the Cir. R. 3(c) docketing statement (if filed), the judgment(s) or order(s) appealed,

---

[1] Identical copies of this pleading were filed in each of the subject member actions. For example, in the *Bishop* member action (3:12-cv-50014) Plaintiffs' Supplemental Response to Motion to Dismiss with Prejudice and Report Submitted by Claims Administrator and its attachments are found at Doc. 26 and 26-1 through 26-4.

and the district court docket sheet." Thus, the "short record" is not typically supplemented as requested by the parties.

With regard to supplementing the record on appeal, the Court notes as follows. The record on appeal has been prepared in each subject member action. The record prepared in each member action already includes the requested supplemental response to motion to dismiss with prejudice and its attachments. Thus, the request to supplement as to this pleading and its attachments is unnecessary. Case Management Order Number 88, however, has not been included in the record on appeal. Thus, the Court will supplement the record, in each of the subject member actions, with Case Management Order Number 88. The Court further notes that although the record has been *prepared* and will be supplemented with Case Management Order Number 88, the record will not be *transmitted* to the Seventh Circuit Court of Appeals until it is requested by the Appellate Court. *See* Circuit Rule 11(a).[2]

To the extent that the parties are filing a stipulation in accord with Federal Rule of Appellate Procedure 11(g)[3] they should file a supplemental pleading with

---

[2] Circuit Rule 11(a) provides as follows:

*Record Transmission*. When the appeal is ready for scheduling for oral argument or submission, the clerk of the court of appeals will notify the district court clerk to transmit the record to the court of appeals. The parties may agree or the court of appeals may order that the record be sent to the clerk of the court of appeals at an earlier time. But in no event shall the clerk of the district court transmit bulky items, currency, securities, liquids, drugs, weapons, or similar items without a specific order of this court.

[3] Rule 11(g) provides as follows:

Record for a Preliminary Motion in the Court of Appeals. If, before the record is forwarded, a party makes any of the following motions in the court of appeals:
• for dismissal;

this Court so noting. Likewise, to the extent the parties are asking the Court to transmit the record to the Court of appeals "at an earlier time" as described in Circuit Rule 11(a) they should file a supplemental pleading so noting.

In conclusion, the request to supplement the record with the referenced supplemental response and its exhibits is DENIED as unnecessary. The request to supplement the record with CMO 88 is GRANTED. The Court directs the Clerk to supplement the record, in each member action, with Case Management Order Number 88 (3:12-md-02385, Doc. 611). To the extent that the parties are seeking additional action from the Court, they should file a supplemental pleading with the Court as described herein.

**IT IS SO ORDERED.**

**Signed this 17th day of June, 2015.**

Digitally signed by David R. Herndon
Date: 2015.06.17 13:13:19 -05'00'

**United States District Court**

---

- for release;
- for a stay pending appeal;
- for additional security on the bond on appeal or on a supersedeas bond; or
- for any other intermediate order, the district clerk must send the court of appeals any parts of the record designated by any party.